1  PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2  Name **Crummer          Michael          J.**
          (Last)                (First)             (Initial)

3  Prisoner Number **V-85939**

4  Institutional Address **B4-107-U, Pelican Bay State Prison, P.O. Box**

5  **7500, Crescent City, CA 95531**

6  ==================================================================

   UNITED STATES DISTRICT COURT
7  NORTHERN DISTRICT OF CALIFORNIA

8  **Michael J. Crummer In Pro Per**
   (Enter the full name of plaintiff in this action.)                  )
9                                                                       )

                              vs.                                       )   Case No. _____
10 **People of the State of California**                                )   (To be provided by the clerk of court)
                                                                        )
11                                                                      )   PETITION FOR A WRIT
                                                                        )   OF HABEAS CORPUS
12 _____                             )
                                                                        )
13 _____                             )
                                                                        )
14 (Enter the full name of respondent(s) or jailor in this action)      )
                                                                        )
15 _____                             )

16 ==================================================================

   Read Comments Carefully Before Filling In

17 When and Where to File

18     You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23     If you are challenging your conviction or sentence and you were not convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1  Who to Name as Respondent

2      You must name the person in whose actual custody you are.  This usually means the Warden or

3  jailor.  Do not name the State of California, a city, a county or the superior court of the county in which

4  you are imprisoned or by whom you were convicted and sentenced.  These are not proper

5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief

7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8  custody you are now and the Attorney General of the state in which the judgment you seek to attack

9  was entered.

10 A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12          (a)    Name and location of court that imposed sentence (for example; Alameda

13                 County Superior Court, Oakland):

14                 Contra Costa Co., Superior Court    In Martinez

15                 Court                                Location

16          (b)    Case number, if known No. 032486-3

17          (c)    Date and terms of sentence 28, June, 2005 - 37 years to life

18          (d)    Are you now in custody serving this term?  (Custody means being in jail, on

19                 parole or probation, etc.)         Yes X    No _____

20                 Where?

21                 Name of Institution: Pelican Bay State Prison

22                 Address: 5905 Lake Earl Drive, Crescent City, CA 95531

23      2. For what crime were you given this sentence?  (If your petition challenges a sentence for

24  more than one crime, list each crime separately using Penal Code numbers if known.  If you are

25  challenging more than one sentence, you should file a different petition for each sentence.)

26  Count (1). Assault with a deadly weapon P.C. § 245(a)(1) / Count (2). 2nd degree

27  Robbery P.C. §§ 211 and 212.5(c) / with Enhancements P.C. §§ 12022.7

28  (a) and 12022.(b)(1).

2

1     3. Did you have any of the following?

2          Arraignment:                    Yes X    No _____

3          Preliminary Hearing:            Yes X    No _____

4          Motion to Suppress:           Yes _____    No X

5     4. How did you plead?

6          Guilty _____   Not Guilty X   Nolo Contendere _____

7          Any other plea (specify) __N/A_____

8     5. If you went to trial, what kind of trial did you have?

9          Jury X   Judge alone_____   Judge alone on a transcript _____

10    6. Did you testify at your trial?            Yes _____    No X

11    7. Did you have an attorney at the following proceedings:

12        (a)   Arraignment               Yes \    No X

13        (b)   Preliminary hearing        Yes X    No _____

14        (c)   Time of plea              Yes X    No _____

15        (d)   Trial                     Yes X    No _____

16        (e)   Sentencing              Yes X    No _____

17        (f)   Appeal                  Yes X    No _____

18        (g)   Other post-conviction proceeding   Yes X    No X

19    8. Did you appeal your conviction?        Yes X    No _____

20        (a)   If you did, to what court(s) did you appeal?

21              Court of Appeal             Yes X    No _____

22              Year: 2005     Result: judgement affirmed

23              Supreme Court of California      Yes X    No _____

24              Year: 2007     Result: judgement affirmed

25              Any other court             Yes X    No _____

26              Year: _____    Result:_____

27

28        (b)   If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS    - 3 -

1                   petition?                    Yes _X_   No_____.

2         (c)   Was there an opinion?         Yes _X_   No_____

3         (d)   Did you seek permission to file a late appeal under Rule 31(a)?

4                                          Yes _____   No_X_

5                 If you did, give the name of the court and the result:

6                             N/A

7

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?         Yes _X_   No_____

10        [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16      (a)   If you sought relief in any proceeding other than an appeal, answer the following

17           questions for each proceeding. Attach extra paper if you need more space.

18          I.   Name of Court: Contra Costa Superior Court

19             Type of Proceeding: In Pro Per Habeas Corpus Hearing.

20             Grounds raised (Be brief but specific):

21              a. Prosecution Witheld Exculpatory Evidence from Defendent

22              b. Prosecutorial Misconduct

23              c. Trial Court Errored in Allowing 5th Amend Protection

24              d. Trial Court Errored in dismissing Petition/ e. ineffective trial counsel

25              Result: Petition Denied         Date of Result:_____

26          II.   Name of Court: California Court of Appeal, First Appellate District

27             Type of Proceeding: In Pro Per Habeas Corpus

28             Grounds raised (Be brief but specific):

4

1            a. Prosecution Witheld Exculpatory Evidence from Defendent

2            b. Prosecution Misconduct

3            c. Trial Court Errored in Allowing 5th Amend Protection

4            d. Trial Court Errored in dismissing Petition / e. ineffective trial counsel

5            Result: Judgement Affirmed _____ Date of Result:_____

6       III.   Name of Court: California Supreme Court

7            Type of Proceeding: Petition For Review to Exhaust All Remedies

8            Grounds raised (Be brief but specific):

9            a. Prosecution Witheld Exculpatory Evidence from Defendent

10           b. Prosecution Misconduct

11           c. Trial Court Errored in Allowing 5th Amend Protection

12           d. Trial Court Errored in dismissing Petition / e. ineffective trial counsel

13           Result: And Petition Denied _____ Date of Result: 3-12-08

14       IV.   Name of Court: N/A

15            Type of Proceeding: N/A

16            Grounds raised (Be brief but specific):

17            a._____

18            b._____

19            c._____

20            d._____

21            Result: N/A _____ Date of Result:_____

22     (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?

23                              Yes _____   No __X__

24            Name and location of court: N/A

25    B. GROUNDS FOR RELIEF

26        State briefly every reason that you believe you are being confined unlawfully. Give facts to

27    support each claim. For example, what legal right or privilege were you denied? What happened?

28    Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

1  need more space.  Answer the same questions for each claim.

2      [<u>Note</u>:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3  petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); <u>McCleskey v. Zant</u>,

4  499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: Prosecution Witheld Exculpatory Evidence From Defence Containing Ex-

6  onerating Statements Made By Witness Without Submitting Discovery To Def-

7  Supporting Facts: On December 12, 2003 the petitioner appeared before

8  the California State Superior Court, for Contra Costa County, to answer

9  allegations of Second degree robbery and assault with a deadly weapon

10  at a Preliminary Hearing.  At this pre-trial hearing the People sequ-

11  Claim Two: Prosecutorial Misconduct Committed By District Attorney Where

12  Failure To Disclose Lewis' Location During Trial Adversely Affected Def-

13  Supporting Facts: All investigative reports, as well as the testimony at

14  trial, indicated that such material witness, Pandora Lewis, was pre-

15  sent both before, during and immediately after, the incident giving

16  rise to the criminal charges against the Petitioner herein.  On the dates

17  Claim Three: Trial Court Erred By Providing An Exculpatory Witness

18  Fifth Amendment Protection.

19  Supporting Facts: On April 20, 2005, in the Superior court of Contra Costa

20  County, the foregoing issues, supra were submitted via the Post Trial

21  Motion for New Trial.  On June 24, 2005, the Motion for New Trial

22  Hearing was held in Department 11, before Honorable Peter L. Spinetta.

23      If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25      N/A

26

27

28

GROUNDS FOR RELIEF Cont'd

## Claim One(1): And Supporting Facts Cont'd

Claim One:-ense Prior To Preliminary Hearing And During Pretrial.

Supporting Facts:-estored by subpoena, the victim (Juanita Murdock) and one witness (Pandora Lewis); of which P. Lewis, at this pretrial hearing was not compelled by prosecution to testify before open court. On several occasions during the pretrial hearing P. Lewis inquired with the petitioners defense counsel, as to why she was subpoenaed to the preliminary hearing by prosecution.

However, no pre-trial discovery had been provided to the defense days after the preliminary hearing; which contained exonerating statements made by P. Lewis made to Concord Police Department as to what she witnessed. At the disposition of the pretrial; the superior court found that the petitioner should be held to answer all allegations, no pretrial motions were filed, and dates for trial were set.

The prosecution has a due process obligation, to timely provide defense with all discovery before preliminary hearing; whether or not, such discovery is favorable or infavorable to the defense; (U.S. Const. Amendment 14, & Cal Const. Art 1., § 30 (c)). Prosecutions failure to disclose evidence favorable to the petitioner, adversely affected his right to a properly advised and competent defense.

Claim Two:-enses Right To Compulsory Process.

Supporting Facts: All investigative reports, as well as the testimony at trial, indicated that such material witness Pandora Lewis, was present both before, during and immediately after, the incident giving rise to the criminal charges against the defendan/petitioner herein. On the dates of September 24th, 25th and the 27th of 2004 several failed attempts were made to locate and serve P. Lewis with a subpoena, and to interview her as a possible witness at trial for the defense. However, P. Lewis refused to cooperate either in being interviewed by defense counsel, or the private investigator John Bequdin or being subpoenaed for appearance at trial on behalf of the petitioner. (Note- Pandora Lewis and co-defendant Maurice Sandefur are sisters).

1.

7

## GROUNDS FOR RELIEF Cont'd

## Claim Two (2): And Supporting Facts Cont'd

At no time prior to the commencement of trial, in December of 2004, was petitioner or his trial counsel advised by the District Attorney's Office of Contra Costa County, or any representative thereof, either personally, in writing, or otherwise that Pandora Lewis had relocated, and had been subpoenaed by a District Attorney investigator, personally on December 7, 2004.

At no time through and including December 9, 2004, had the petitioners trial counsel or the court been advised of P. Lewis' new address or telephone number; or that she been served with and agreed to appear in conjunction with a personal subpoena. Moreover, at no time during the course of trial was the petitioners trial counsel, or the court been advised that P. Lewis, had not only been under subpoena, but also appeared in conjunction with such subpoena, had been present in the District Attorney's office during the course of trial, or that she had engaged in a telephone conversation with the trial deputy, J. Kirk Andrus.

Within the Motion for New Trial the Declaration of Paula A. Lorentzen reflects, the representations of the trial deputy J. Kirk Andrus, who admitted, after trial, that he had personally spoken with Ms. Lewis over the telephone, where that he did not feel it necessary to disclose his further telephonic contact as discovery, since Ms. Lewis' statements to him confirmed the fact that she would testify that she did not observe the petitioner commit any criminal act.

The Criminal Discovery Statute requires that prosecutors disclose to the defense in part; the names and addresses of prosecution trial witnesses and exculpatory evidence (Evidence Code §1054.1 et al). Despite the fact that the prosecution has no obligation to assist the defense in the service of a subpoena, the petitioner contends that to the extent the District Attorney's Office was exclusively privy to such information, that they were under a continuing obligation, without request, to advise the petitioner of such information, and that their failure to do so, coupled with their failure to advise the petitioner that the witness was present at the Courthouse under subpoena, before releasing her violated and breeched the Due Process and Compulsory Rights of petitioner (U.S. Const. Amed. 6 & 14).

# GROUNDS FOR RELIEF Cont'd

## Claim Three (3): And Supporting Facts Cont'd

The trial court reviewed the Concord Police Department video taped interview with Pandora Lewis, and acknowledged the character of her incommunicado statements as exculpatory. Pandora Lewis attended the Motion Hearing and was called by petitioner defense counsel to testify. After Pandora Lewis was sworn in by the court, her demeanor as a witness on behalf of the petitioner was hostile; furthermore, she emphasized not testifying against her sister Maurice Sandefur the petitioners co-defendant.

All investigative reports, as well as the testimony at trial, indicated that such material witness P. Lewis, was present both before, during and immediately after the incident giving rise to the criminal charges against the petitioner. In fact she was detained by an officer Messick of the Concord Police Department who initially interviewed her; searched her apartment at 1265 Monument Blvd #95 in Concord; and by officer Messicks own admission, he released her because based on the lack of evidence, he had no reason to charge her with a crime.

The trial judge presiding over the hearing instructed Pandora Lewis that she could invoke constitutional protection against self incrimination and offered assistance of counsel during the hearing testimony. The court heard testimony from P. Lewis that focused mainly on the arrangement of her obligations with the District Attorneys Office under subpoena. Pandora Lewis was released from the witness stand and asked no further questions.

The U.S. Constitutions Fifth Amendment expressly states: "nor shall be compelled in any criminal case to be a witness against himself." The petitioner contends that the trial court violated due process rights of the petitioner by allowing Pandora Lewis to invoke privileges against self incrimination. Pandora Lewis should have been compelled to testify before open court, unabated, within such hearing proceedings; because allowing her to invoke the privilege, asserted her rights, that she did not have, as a prosecutions witness and further served as a means to avoid the more compelling

3

information that could have otherwise been presented to the jury at trial or impeached. It is clear from the statements of officer Messick of Concord Police Department that Pandora Lewis was never suspected of any criminal activity in relation to this case, other than as a material witness by their agency; furthermore, with relation to Pandora Lewis' obligation, under the District Attorneys Office, under subpoena she was under no real threat of prosecution, arrest or otherwise, and shouldn't have been entitled to a privilege unsuited for her circumstances at the hearing.

## GROUNDS FOR RELIEF Cont'd
### Claim Four (4); And Supporting Fact Cont'd

**Claim Four:** TRIAL COURT ERRONEOUSLY DENIED PETITIONER'S MOTION FOR NEW TRIAL.

**Supporting Facts:** The trial court, on June 24, 2005, reviewed all documents presented by the People and the petitioners defense counsel. The trial court, heard testimony, from Deputy District Attorney J. Kirk Andus, as to the decisions and handling of P. Lewis by himself and his office, under investigations prompted by the Motion for New Trial. The trial court heard testimony from Pandora Lewis; and then heard oral arguement from both parties and concluded, that although exculpatory evidence existed, the Peoples actions, were not in "bad faith"; however the trial court rendered the petitioners trial counsel ineffective. The Motion for New Trial and the sentencing of the petitioner commenced of which he now suffers a 37 year to life sentence. The trial courts reasoning in denying the petitioners motion for new trial unfairly restricted the petitioners ability to have a fair trial and to present these facts in the petitioners own defense.

**Claim Five:** DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE.

**Supporting Facts:** Defense Counsel Paula A. Lorentzen retained the services of a private investigator to assist in the preparation of the defense. The private investigators name was Mr. John Beaudin. Several unsuccessful attempts were made by Mr.

4.

10

Case 4:03-cv-01354-CW Document 19 Filed 01/06/2006 Page 1 of 30

Beaudin to secure Ms. Lewis under subpoena resulted with negative responses or none at all. Defense counsel believed California Law at the time of the trial of the petitioner would not have allowed counsel to introduce the testimony of the interviewing officer of Ms. Lewis or the video tape of her statements to the police officer, unless she actually appeared at the time of trial and either testified consistent with her statement given in discovery, or testified inconsistent with her statements given in discovery. Defense counsel believed that she was not able to obtain from the Court any relief to compel the appearance or testimony of Pandora Lewis. The petitioner contends that defense counsels assumptions raise ineffective assistance issues within investigations and at trial.

1      List, by name and citation only, any cases that you think are close factually to yours so that they

2   are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3   of these cases:

4   Schlup v. Delo (1995) 513 U.S. 298 ; Marchetti v. U.S. (1968) 390 U.S. 39,53

5   U.S. v. Gecas, (11th Cir 1997) 120 F.3d 419; Chambers v. Mississippi (1973) 410

6   U.S. 234 ; Douglas v. Alabama (1965) 380 U.S. 415 ; Dutton v. Evans (1970) 400 U.S. 74

7   Do you have an attorney for this petition?                          Yes_____    No__X__

8   If you do, give the name and address of your attorney:

9       N/A

10      WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11   this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13   Executed on _____

14              Date                                      Signature of Petitioner

15

16

17

18

19

20   (Rev. 6/02)

21

22

23

24

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS          - 7 -

12

AUTHORITIES Cont'd

U.S. v. Valenzuela-Bernal
(1982) 458 U.S. 858

Kyles v. Whitely
(1995) 514 U.S. 419

Brady v. Maryland
373 U.S. 83

David v. Zant
(11th Cir 1994) 36 F.3d 1538

U.S. v. Agurs
427 U.S. 93, 103

Darden v. Wainwright
(1986) 477 U.S. 168

Strickland v. Washington
(1984) 466 U.S. 668

Wiggins v. Smith
(1988) 123 S.Ct. 2527

Davis v. Alaska
(1974) 415 U.S. 308

Olden v. Kentucky
(1988) 488 U.S. 277

U.S. Const. 14th Amendment
U.S. Const. 6th Amendment
U.S. Const. 5th Amendment
Cal. Const. Art 1., §15
Cal. Const. Art 1., §26
Cal. Const. Art 1., §28 (d)
Cal. Const. Art 1., §30 (c)
Cal. Ev. Code §1054.1 (a)
ADA Standards 3.3 - 11(A)
ADA Standards 11-2.1 (d)

Michael J. Crummer
V-85939 B4-107-U
Pelican Bay State Prison
P.O. Box 7500
Crescent City CA, 95531
8 April 2008

In re: S159360 - Petition
for Review

Supreme Court of California
Office of the Clerk
350 McAllister Street
San Francisco CA, 94102

To the Clerk of the Court:

I am writing to the Court, in regard to my Petition for Review; filed In Pro Per on December 28, 2007. I would like to know the status of this Petition, if it is still pending, or if judgement has been declared.

Thank you.

Sincerely

Michael J. Crummer

RECEIVED

APR 1 1 2008

CLERK SUPREME COURT

25

S159360 · **Docket Listing** Page 1 of 2

| | |
|---|---|
| **Case Number:** | S159360 |
| **Current Status:** | closed |
| **Case Title:** | PEOPLE v. SANDEFUR |
| **Start Date:** | 12/26/2007 |
| **Case Category:** | Review - Criminal Appeal |

## Court of Appeals Case Information

**Lead CA Case**
A110850      CA Opinion Non-Published      Disposed: 11/19/2007

**Non-Lead CA Case**
A118229      CA Opinion Non-Published

## Lower Court Case Information

050324863      Contra Costa County Superior Court - A. F. Bray      Spinetta (Peter L.)

## Party Information

MICHAEL CRUMMER
     Defendant and Appellant
     P. O. BOX 7500
     Crescent City, CA 95531

MAUNICE SANDEFUR
     Defendant and Appellant

THE PEOPLE
     Plaintiff and Respondent

## Attorneys

DAVID SUNDELSON
     Lead Attorney
     Attorney at Law
     2930 Domingo Avenue, # 216
     Berkeley, CA 94705
DAVID L. BERNSTEIN
     Lead Attorney
     Attorney at Law
     11012 Ventura Boulevard, PMB 350
     Studio City, CA 91604
ATTORNEY GENERAL - SAN FRANCISCO OFFICE
     Lead Attorney
     455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004

## Docket Events

| **Date** | **Event** |
|---|---|
| 12/26/2007 | Record requested |
| 12/26/2007 | Petition for review filed |
| | Michael Jason Crummer, aplt. |
| | David Sundelson, CAP/appointed |
| 12/28/2007 | 3rd petition for review filed |
| | Maunice Sandefur, Appellant |
| | by David L. Bernstein, counsel |
| 12/28/2007 | Petition for review to exhaust state remedies filed |
| | Michael J. Crummer, pro per aplt. **** SECOND PETITION |
| | *** |
| 01/02/2008 | Received Court of Appeal record |
| | one accordian folder |
| 01/04/2008 | Received Court of Appeal record |

S159360·      •       **Docket Listing**              Page 2 of 2

| | |
|---|---|
| | one file folder/briefs/accordian folder |
| 01/30/2008 | Received: |
| | from pro per petnr. re; corrections on his petition for review |
| 02/15/2008 | Time extended to grant or deny review |
| | to and including March 27, 2008, or the date upon which review is either granted or denied. |
| 03/12/2008 | Petitions for review denied |
| | Moreno, J., was absent and did not participate. |
| 03/21/2008 | Returned record |
| | 2 accordian folders, 1 file folder, briefs. (A110850) |
| | 1 accordian folder. (A118229) |

# PETITION FOR REVIEW TO EXHAUST STATE REMEDIES IN THE CALIFORNIA SUPREME COURT

In re. Michael J. Crummer
Petitioner

RECEIVED

JAN 2 2 2008

CLERK SUPREME COURT

vs.

California State Superior Court of Contra Costa County
Respondent

Attorney General of the State of California
EDMUND G. BROWN, Jr.
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-3664
REAL PARTY IN INTEREST

After Denial of a Petition for a Writ of Habeas Corpus By
The California Court of Appeal, for the First Appellate District, Division 2.

Michael J. Crummer In Pro Per. (Petitioner)
V-85939 A5-107-U
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95531

District Attorney
Of Contra Costa County
P.O. Box 670
Martinez, California 94553

Attorney's of Petitions

28

# TOPICAL INDEX

| | Page |
|---|---|
| TABLE OF AUTHORITIES | |
| STATEMENT OF THE CASE / GROUNDS FOR REVIEW | 1 |
| ISSUE PRESENTED | |
| I. PROSECUTION WITHHELD EXCULPATORY EVIDENCE FROM DEFENCE CONTAINING EXONERATING STATEMENTS MADE BY WITNESS WITHOUT SUBMITTING DISCOVERY TO DEFENCE PRIOR TO PRELIMINARY HEARING AND DURING PRETRIAL | 2. |
| A. Factual Background. | 2. |
| B. Legal Bases | 2. |
| II. PROSECUTORIAL MISCONDUCT COMMITTED BY DISTRICT ATTORNEY WHERE FAILURE TO DISCLOSE LEWIS' LOCATION DURING TRIAL ADVERSELY AFFECTED DEFENES RIGHT TO COMPULSORY PROCESS | 3. |
| A. Factual Background. | 3. |
| B. Legal Bases | 4. |
| III. TRIAL COURT ERRED BY PROVIDING AN EXCULPATORY WITNESS FIFTH AMENDMENT PROTECTION | 5. |
| A. Factual Background. | 5. |
| B. Legal Bases. | 6. |
| IV. TRIAL COURT ERRONEOUSLY DENIED PETITIONER'S MOTION FOR NEW TRIAL | 7. |
| A. Factual Background. | 7. |
| B. Legal Bases | 7. |
| V. DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE | 8. |
| A. Factual Background. | 8. |
| B. Legal Bases. | 8. |
| CONCLUSION | 8. |
| | 29 |

i.

# TOPICAL INDEX (CONT.)

## TABLE OF AUTHORITIES CITED

Page

**Cases**

Schlup v. Delo,
(1995) 513 U.S. 298 ... 8,

Marchetti v. U.S.,
(1968) 390 U.S. 39, 53 ... 6,

U.S. v. Gecas,
(11th Cir 1997) 120 F.3d 1419, 1424 ... 6,

Chambers v. Mississippi,
(1973) 410 U.S. 284 ... 5.

Douglas v. Alabama,
(1965) 380 U.S. 415 ... 7.

Dutton v. Evans,
(1970) 400 U.S. 74 ... 7.

U.S. v. Valenzuela-Bernal,
(1982) 458 U.S. 858 ... 5.

Kyles v. Whitely,
(1995) 514 U.S. 419 ... 3,

Brady v. Maryland,
373 U.S. 83 ... 3,5.

David v. Zant
(11th Cir 1994) 36 F.3d 1538 ...

U.S. v. Agurs,
427 U.S. 93, 103 ... 4, 30

ii.

|  | Page |
|---|---|
| Darden v. Wainwright (1986) 477 U.S. 168 |  |
| Strickland v. Washington (1984) 466 U.S. 668 | 8. |
| Wiggins v. Smith (1988) 123 S.Ct. 2527 | 8. |
| Davis v. Alaska (1974) 415 U.S. 308 | 7. |
| Olden v. Kentucky (1988) 488 U.S. 277 | 7. |

### Statutes

|  | 3,5. |
|---|---|
| U.S. Const. 14th Amendment | 5, |
| U.S. Const. 6th Amendment |  |
| U.S. Const. 5th Amendment | 6, |
| Cal. Const. Art 1., § 15. | 5. |
| Cal. Const. Art 1., § 26. |  |
| Cal. Const. Art 1., § 28.(d) | 5. |
| Cal. Const. Art 1., § 30(c) | 3,5. |
| Penal Code § 1054.1 (a) | 4. |
| ADA Standards 3.3-11(A) |  |
| ADA Standards 11-2.1(d) | 5. |

## GROUNDS FOR REVIEW

Petitioner states that the case before the Supreme Court of California presents no grounds for review under rule 8.500(b) and the petition is filed solely to exhaust state remedies for federal habeas corpus purpose.

# STATEMENT OF THE CASE

An information filed December 22, 2003 charged the petitioner with one count of assault with a deadly weapon (Pen. Code §245(a)(1)) with an enhancement for personal infliction of great bodily injury (§12022.7(a)) and one count of second degree robbery (§§ 211 and 212.5(c)), with enhancements for personal infliction of great bodily injury (§12022.7(a)) and personal use of a deadly weapon (§12022(b)(1)).

The information also included allegations of two prior "strike" felony convictions (§§667 and 1170.12) and three prior felony prison terms (§667.5(B)). (CT 63-66) An information filed previously charged Maunice Sandefur with the same crimes arising out of the same incident. (CT 59-62.) The court granted the Peoples motion to consolidate the two cases on February 18, 2004. (CT 118.) A First Amended Information charging both defendants, was filed on September 27, 2004. (CT 138-143.)

Jury trial began on September 23, 2004, and was continued after the court granted co-defendant Sandefur's Marsden motion. (CT 154.) Trial resumed on December 6, 2004. (CT 320.) On December 17, 2004, the jury found the petitioner an Sandefur guilty on both counts, and found all enhancement allegations true. (CT 470.)

On February 23, 2005, after the jury had been discharged, the People moved to file a Second Amended Information so as to conform to proof expected at trial on the priors. (CT 500.) On March 25, 2005, the court ordered the Second Amended Information filed, thereby adding two enhancement allegations pursuant to section 667(a)(1) to the charges against the petition. (CT 526-533.) On April 4, 2005, a second jury found true all enhancement allegations of prior convictions and prison terms. (CT 543-544.)

On April 20, 2005, as the court prepared to sentence both defendants, petitioner made an oral motion for a new trial (CT 604, RT 1663), subsequently supported by a written brief. (CT 629-642.) On June 24, 2005, after a hearing, the court denied petitioner's motion. (RT 1777.)

On June 28, 2005, the court denied the petitioner's motion to dismiss one of the "strike" priors. (RT 1876.) The court then sentenced the petitioner to a prison term of 37 years to life: 25 to life under sections 667(b)-(i) and 1170.12 for the robbery (Count II) plus four years for the section 667(a)(1) prior. The court also imposed a $10,000 restitution fine pursuant to section 1202.4 and a Court Security fine of $20. Pursuant to section 654, the court stayed a separate sentence of 25 years to life for the assault (Count I) plus three years for the enhancement. It also stayed one five-year enhancement under section 667(a)(1) and a parole fine of $10,000. (CT 707-710.) Appellant filed a timely Notice of Appeal on August 8, 2005. (CT 711.)

## ISSUE PRESENTED

### I.

PROSECUTION WITHHELD EXCULPATORY EVIDENCE FROM DEFENSE CONTAINING EXONERATING STATEMENTS MADE BY WITNESS WITHOUT SUBMITTING DISCOVERY TO DEFENSE PRIOR TO PRELIMINARY HEARING AND DURING PRETRIAL

A.  On December 12, 2003 the petitioner appeared before the California State Superior Court, for Contra Costa County, to answer allegations of Second degree robbery and assault with a deadly weapon at a Preliminary Hearing. At this pre-trial hearing the People sequestored by subpoena, the victim (Juanitta Murdock) and one witness (Pandora Lewis); of which P.Lewis, at this pretrial hearing was not compelled by prosecution to testify before open court. On several occassions during the pretrial hearing, P.Lewis inquired with the petitioner's defense counsel, as to why she was subpoenaed to the preliminary hearing, by prosecution.

However, no pre-trial discovery had been provided to the defense days after the preliminary hearing; which contained exonerating statements made by P.Lewis made to Concord Police Department as to what she witnessed. At the disposition of the pretrial; the superior court found that the petitioner should be held to answer all allegations charged, no pretrial motions were filed, and dates for trial were set.

B.  The prosecution has a due process obligation, to timely provide defense with all discovery before preliminary hearing; whether or not, such discovery is favorable

2.

33

· Prosecutions failure to disclose evidence favorable to the petitioner, adversely affected his right to a properly advised and competent defense. (See Brady v. Maryland, 373 U.S. 83) (Kyles v. Whitely, 514 U.S. 419 (1995) and (ADA Standards 3.3-11 (A) prosecutor should disclose evidence which negates guilt, mitigates the offense or reduces punishment.)

The petitioner argues that a fair characterization from the police reports and the video tape of the interview of P. Lewis submitted after preliminary examination, indicated that if called by petitioners defense counsel as a witness at the time of preliminary examination; P. Lewis'statement would have provided testimony that did not corroborate with the testimony of prosecution witnesses at trial. Moreover, P. Lewis' testimony would have indicated that she did not observe the petitioner either in the commission of a violation of Penal Code Section 245(a)(1) or a violation of Penal Code Section 211/212 (5)(c) or as a participant in the infliction of any bodily injury against the alleged victim, Juanita Murdoch, or in the use of any deadly or dangerous weapon, as alleged enhancements.

## II.

## PROSECUTORIAL MISCONDUCT COMMITTED BY DISTRICT ATTORNEY WHEREUPON FAILURE TO DISCLOSE LEWIS' LOCATION DURING TRIAL ADVERSELY AFFECTED DEFENSES RIGHT TO COMPULSORY PROCESS

A. All investigative reports, as well as the testimony at trial, indicated that such material witness, Pandora Lewis, was present both before, during, and immediately after, the incident giving rise to the criminal charges against the defendant/petitioner herein. On the dates of September 24th, 25th, and the 27th of 2004 several failed attempts were made to locate and serve P. Lewis with a subpoena, and to interview her as a possible witness at trial for the defense. However, P. Lewis refused to cooperate either in being interviewed by defense counsel, or the private investigator John Beaudin; or being subpoenaed for appearance at trial on behalf of the petitioner. (Note- Pandora Lewis and co-defendant Maurice Sanefur are sisters.)

At no time prior to the commencement of trial, in December of 2004, was petitioner or his trial counsel advised by the District Attorney's Office of Contra-Costa County, or any representative thereof, either personally, in writing, or otherwise that Pandora Lewis had relocated, and had been subpoenaed by a District Attorney investigator, personally on December 7, 2004.

At no time through and including December 9, 2004, had the petitioner, trial counsel, or the court been advised of P. Lewis' new address or telephone number, or that she had been served with and agreed to appear in conjunction with a personal subpoena. Moreover, at no time during the course of trial was the petitioner, trial counsel, or the court advised that P. Lewis had not only been under subpoena, but also appeared in conjunction with such subpoena, had been present in the District Attorney's Office during the course of trial, or that she had engaged in a telephone conversation with the trial deputy, J. Kirk Andrus.

Within the Motion for New Trial the Declaration of Paula A. Lorentzen reflects, the representations of the trial deputy J. Kirk Andrus, who admitted, after trial, that he had personally spoken with Ms. Lewis over the telephone, were that he did not feel it necessary to disclose his further telephonic contact as discovery, since Ms. Lewis' statements to him confirmed the fact that she would testify that she did not observe the petitioner commit any criminal act.

B. The Criminal Discovery Statute requires that prosecutors disclose to the defense, in part; the names and addresses of prosecution trial witnesses and exculpatory evidence. (Penal Code Section 1054.1). Penal Code 1054.1(a) requires the prosecution to disclose to the defendant or his or her attorney the "names and addresses" of persons the prosecutor intends to call as witnesses at trial. (U.S. v. Agurs 427 U.S. 93, 103).

Despite the fact that the prosecution has no obligation to assist the defense in the service of a subpoena, the petitioner contends that to the extent the District Attorney's Office was exclusively privy to such information, that they were under a continuing obligation, without request, to advise the petitioner of such information, and that their failure to do so, coupled with their failure to advise the petitioner that the witness was present at the Courthouse under

4.

35.

their subpoena, before releasing her from subpoena, violated and breeched the due process and compulsory process rights of the petitioner. (U.S. Const. Amendments Six & Fourteen.) (Cal Const. Art 1. §15., Cal Const. Art 1. §28.(d) and Cal. Const. Art 1. §30 (c).) (See U.S. v. Valenzuela-Bernal 458 U.S. 858 (1982)) (Chamber v. Mississippi, 410 U.S. 284 (1973)) (Brady v. Maryland, 373 U.S. 83) (Kyles v. Whitely, 514 U.S. 419 (1995) and (Darden v. Wainwright, 477 U.S. 168 (1986) also (ADA Standards II-2.1 (d) prosecutors disclosure duty extends to any person who participates in an investigation of cases and who ever regularly reports to his office.)

Had Pandora Lewis been called to testify and testified inconsistent with her previous interview, both the polices testimony and tape recorded interview would have been admissable as impeachment. Had she refused to testify, upon the finding of unavailability, the testimony of officers from the Concord Police Department and/or the tape recorded interview exonerating the petitioner, would have been admissible based upon her unavailability. Under either circumstances either her testimony consistent with discovery received by the petitioner, or a finding of unavailability and the admissibility of the prior statements, would have exonerated the petitioner.

The People had every reason to believe that the defense wanted to subpoena and produce the the testimony of Pandora Lewis. They failed to disclose that she was present at the District Attorney's Office and at the Courthouse during the course of trial, and through she was under subpoena dismissed her without notice to the defense. This is tantamount to depriving the petitioner of an opportunity to present exculpatory witnesses and evidence before the jury.

## III.

## TRIAL COURT ERRED BY PROVIDING AN EXCULPATORY WITNESS FIFTH AMENDMENT PROTECTION

A. On April 20, 2005, in the Superior court of Contra Costa County, the foregoing issues, supra were submitted via the Post Trial Motion for New Trial. On

36

Case 3:08-cv-01838-WHA     Document 14     Filed 08/11/2008     Page 1 of 30

June 24, 2005, the Motion for Trial Hearing was held in Department 14 before Honorable Peter L. Spinetta. The trial court reviewed the Concord Police Department video taped interview with Pandora Lewis, and acknowledged the character of her incommunicado statements as exculpatory. Pandora Lewis attended the motion hearing, and was called by petitioners defense counsel to testify. After Pandora Lewis was sworn in by the court, her demeanor as a witness on behalf of the petitioner was hostile; furthermore she emphasized not testifying against her sister Maunice Sandefur the petitioners co-defendant.

All investigative reports, as well as the testimony at trial, indicated that such material witness, Pandora Lewis, was present both before, during, and immediately after the incident giving rise to the criminal charges against the petitioner. In fact she was detained by an officer, Messick of the Concord Police Department who initially interviewed her; searched her apartment at 1265 Monument Blvd # 95 in Concord; and by officer Messick's own admission, he released her because based on the lack of evidence, he had no reseason to charge her with a crime.

The trial judge presiding over the hearing instructed Pandara Lewis that she could invoke constitutional protection against self incrimination and offered assistance of counsel during the hearing testimony. The court heard testimony from Pandora Lewis that focused mainly on the arrangement of her obligations with the District Attorney's Office under subpoena. Pandora Lewis was released from the witness stand and asked no further questions.

B. The U.S. Constitutions Fifth Amendment expressly states: "nor shall be compelled in any criminal case to be a witness against himself." The petitioner contends that the trial violated due process rights of the petitioner by allowing Pandora Lewis to invoke privileges against self incrimination. Marchetti v. U.S., 390 U.S. 39, 53 (1968) states: ("the central standard for the privilege [against self incrimination] application, has been whether the claimant is confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimin.")

More recently U.S. v. Gecos 120 F.3d 1419, 1424 (11th Cir. 1997) states: ("The Self-Incrimination clauses of the Fifth Amendment to the United States Constitution provides that no person shall be compelled in any criminal case to be a witness

6.

37

against himself to assert this privilege against self-incrimination. As an initial matter, a witness' fear of conviction on the basis of his testimony must be reseanable, real, and appreciable. The witness must face a real danger of conviction to invoke the privilege because the privilege does not protect against remote and speculative possibilities.

Pandora Lewis should have been compelled to testify before open court unabated within such hearing proceedings; because allowing her to invoke the privilege asserted her rights that she did not have as a prosecutions witness and further served as a means to avoid the more compelling information that could have otherwise been presented to the jury at trial. (Douglas v. Alabama, 380 U.S. 415 (1965)) (Dutton v. Evans, 400 U.S. 74 (1970).) (Davis v. Alaska, 415 U.S. 308 (1974).) and (Olden v. Kentucky, 488 U.S. 277 (1988).)

It is clear from the statements of officer Messick of the Concord Police Department that Pandora Lewis was never suspected of any criminal activity in relation to this case other than as a material witness by their agency; furthermore with relation to Pandora Lewis' obligation under the District Attorney's Office, under subpoena she was under no real threat of prosecution, arrest or otherwise, and should have been entitled to a privilege unsuited for her circumstances at the hearing.

## IV.
## TRIAL COURT ERRONEOUSLY DENIED PETITIONER'S MOTION FOR NEW TRIAL

A. The trial court on June 24, 2005, reviewed all documents presented by the People and the petitioners defense counsel. The trial court heard testimony from Deputy District Attorney J. Kirk Andrus, as to the decisions and handling of P. Lewis by himself and his office, under investigations prompted by the Motion for New Trial. The trial court heard testimony from Pandora Lewis; and then heard oral arguement from both parties, and concluded that although exculpatory evidence existed, the Peoples actions were not in bad faith; however the trial court rendered the petitioners trial counsel ineffective. The Motion for New Trial and the sentencing of the petitioner commenced of which he now suffers a 37 year to life sentence.

B. The trial courts reasoning in denying the petitioners motion for new trial unfairly restricted the petitioners ability to have a fair trial and to present these

7.

facts in the petitioners own defense. (Schlup v. Delo, 513 U.S. 298 (1995) states: ("The conviction of an innocent person is a miscarriage of justice.") Under the circumstances where the all fair presentation of evidence and testimony could be acceptable, the petitioner did not receive this. The petitioner was deprived of the right and opportunity to present exculpatory evidence.

## V. DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE

A. Defense counsel Paula A. Lorentzen retained the services of a private investigator to assist in the preparation of the defense. The private investigators name was Mr. John Beaudin. Several unsuccessful attempts were made by Mr. Beaudin to secure Ms. Lewis under subpoena resulted with negative response or none at all. Defense counsel believed California Law at the time of the trial of the petitioner would not have allowed counsel to introduce the testimony of the interviewing officer of Ms. Lewis or the videotape of her statements to the police officer, unless she actually appeared at the time of trial and either testified consistent with her statement given in discovery, or testified inconsistent with her statements given in discovery.

B. Defense counsel believed that she was not able to obtain from the Court any relief to compel the appearance or testimony of Pandora Lewis. The petitioner contends that defense counsels assumptions raise ineffective assistance issues within, investigations and at trial under (Strickland v. Washington, 466 U.S. 668 (1984) and (Wiggins v. Taylor, 528 U.S. 362 (2000).

## CONCLUSION

Based upon the issues presented above, it is respectfully requested that the Supreme Court of California, reverse the conviction and sentence of petitioner, and a new trial be granted.

Respectfully submitted,

December 26, 2007

_____

Michael J. Crummer
In Pro Per Petitioner
From a Writ of Habeas Corpus

8.

39

<u>PROOF OF SERVICE BY MAIL</u>

(C.C.P. Sec. 101a #2015-5; 28 U.S.C. Sec. 1746)

I, __Michael J. Crummer__ , am a resident of Pelican Bay State Prison, in the

County of Del Norte, State of California. I am over the age of eighteen (18) years and am a party to the

above-entitled action.

My State Prison address is: Post Office Box __7500__, Crescent City, California, 95531.

On the __9__ day of __June__, __2008__, I served the following (set forth the exact title of

document(s) served):

__Federal Writ of Habeas Corpus.__

on the party(s) herein by placing a true copy(s) thereof, enclosed in a sealed envelope(s), with postage

thereon fully paid, in the United States mail, in a deposit box so provided at Pelican Bay State Prison,

Crescent City, California, 95531, addressed as follows:

__U.S. Northern District Court of California__
__450 Gold Gate Avenue__
__P.O. Box 36060__
__San Francisco CA, 94102__

__EDMUND G. BROWN Jr.__
__Attorney General__
__455 Golden Gate, Ave, Ste.11000__
__San Francisco, CA 94102-3664__

There is delivery service by United States mail to the place so addressed and/or there is regular

communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __9__ day of __June__, __2008__.

_Michael J. C____

Declarant/Prisoner signature

40



PELICAN BAY STATE PRISON
5905 Lake Earl Dr.
CRESCENT CITY CA 95532

UNITED STATES POSTAGE
$ 04.80⁰
055-217338  JUN 16 2008
MAILED FROM ZIPCODE 95531

Clerk of the United States District
Northern District of California
450 Golden Gate Avenue,
P.O. Box 36060
San Francisco CA, 94102

NAME: Michael J. Crummer
CDC NO. V-85939 HOUSING: B4-107-U

PELICAN BAY STATE PRISON
P.O. BOX
CRESCENT CITY, CA 95532

pase

LEGAL MAIL