IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. CRUMMER,<br><br>　　　　Petitioner,<br><br>　v.<br><br>ROBERT HOREL, Warden,<br><br>　　　　Respondent. | No. C 08-3158 WHA (PR)<br><br>**GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE** |

　　　Petitioner, a California prisoner currently incarcerated at Pelican Bay State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

　　　Venue is proper because the conviction was obtained in Contra Costa County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

　　　A jury convicted petitioner of assault with a deadly weapon and second degree robbery. With sentencing enhancements, he was sentenced to prison for thirty-seven years to life. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review. Petitioner also has filed unsuccessful state habeas petitions.

**DISCUSSION**

**A.　STANDARD OF REVIEW**

　　　This court may entertain a petition for writ of habeas corpus "in behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the prosecution withheld exculpatory evidence; (2) his due process rights and his right to compulsory process were violated when the prosecution did not reveal that they knew the whereabouts of a crucial witness; (3) his due process rights were violated by the trial court's allowing a witness to invoke her Fifth Amendment rights; (4) the trial court erroneously denied his motion for new trial; and (5) his counsel was ineffective.

Petitioner's fourth issue involves only a state law question and so cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). It will be dismissed. The other issues are sufficient to require a response.

## CONCLUSION

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**.

2. Issue two is **DISMISSED**.

3. The clerk shall mail a copy of this order and the petition with all attachments to the

1  respondent and the respondent's attorney, the Attorney General of the State of California. The
2  clerk shall also serve a copy of this order on the petitioner.

3      4. Respondent shall file with the court and serve on petitioner, within sixty days of
4  service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing
5  Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.
6  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state
7  trial record that have been transcribed previously and that are relevant to a determination of the
8  issues presented by the petition.

9      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
10  court and serving it on respondent within thirty days of service of the answer.

11      5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,
12  as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a
13  motion, petitioner shall file with the court and serve on respondent an opposition or statement of
14  non-opposition within thirty days of receipt of the motion, and respondent shall file with the
15  court and serve on petitioner a reply within 15 days of receipt of any opposition. If a motion is
16  filed it will be ruled upon without oral argument, unless otherwise ordered.

17      6. Petitioner is reminded that all communications with the court must be served on
18  respondent by mailing a copy of the document to respondent's counsel. Papers intended to be
19  filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also
20  must keep the court informed of any change of address by filing a separate paper with the clerk
21  headed "Notice of Change of Address," and comply with any orders of the court within the time
22  allowed, or ask for an extension of that time. Failure to do so may result in the dismissal of this
23  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez*
24  *v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

25  **IT IS SO ORDERED.**

27  Dated: July    25   , 2008.

                          WILLIAM ALSUP
28                           UNITED STATES DISTRICT JUDGE
G:\PRO-SE\WHA\HC.08\CRUMMER3158.OSC.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. CRUMMER,<br><br>           Plaintiff,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA<br>et al,<br><br>           Defendant._____/ | Case Number: CV08-03158 WHA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 25, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael J. Crummer
Salinas Valley State Prison
V-85939/ B4-107u
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95531

Dated: July 25, 2008

                                                    Richard W. Wieking, Clerk
                                                    By: D. Toland, Deputy Clerk